EVA K. CONLON, Respondent, v. MARY ANN KELLY and
Others, Defendants, Impleaded with EDWARD B. HOSIER,
Appellant.

First Department, April 22, 1921.

Contempt — order directing plaintiff to pay money to chamberlain
of city of New York — fine on disobedience directed to be paid
to appellant as person injured — on motion to resettle contempt
order new grounds of opposition to original motion cannot be
raised.

The plaintiff obtained an order of the court permitting her to withdraw
from the office of the city chamberlain of the city of New York a certain
sum of money which the order recited as being the amount of the
accumulation of dower interests of the plaintiff in certain property. It
appeared that she had assigned her dower interests to the appellant and
she was thereafter directed by an order to forthwith pay to the said
chamberlain to the credit of the action the amount withdrawn. On
motion to punish her for contempt for disobedience of the last order it
was adjudged that the misconduct of the plaintiff was calculated to and
did prejudice the rights and remedies of the appellant and she was fined
the amount withdrawn from the office of the city chamberlain with
interest, and directed to pay said amount to the appellant.

Held, that on motion to resettle the order in the contempt proceedings she
could not raise the question that the amount of dower was less than the
amount stated in the order, since she had failed to raise that ground of
opposition to the original motion to punish for contempt.

Furthermore, her present claim that the total amount withdrawn does
not in fact represent entirely moneys due for dower, to which the appellant
was entitled under his assignment from her, cannot now be raised in
view of the fact that she herself obtained the order of the court, per-
mitting her to withdraw the money which recited that the whole amount
represented the accumulation of dower.

APPEAL by the defendant, Edward B. Hosier, from that
part of an order of the Supreme Court, made at the New
York Special Term and entered in the office of the clerk of
the county of New York on the 26th day of February, 1921,
as resettled, adjudging plaintiff guilty of contempt for disobey-
ing an order to pay certain money into court and fining
plaintiff for said contempt, the fine to be paid into the office
of the chamberlain of the city of New York. . .

*Van Zandt & Webb* [*Edwin D. Webb* of counsel], for the appellant.

*Steckler & Wertzner* [*David Steckler* of counsel], for the respondent.

Dowling, J.:

The appellant herein appeals from so much of an order resettling an original order adjudging the plaintiff in contempt, as provides that the fine imposed for plaintiff's failure to obey a certain order of the court shall be paid to the chamberlain of the city of New York, instead of to the said appellant, as directed in the original order.

On February 18, 1921, an order was duly made adjudging plaintiff to have been guilty of contempt of court in having willfully disobeyed the order made in this action on November 16, 1920, directing her to forthwith pay to the chamberlain of the city of New York to the credit of this action $1,907.86, with interest thereon from July 24, 1914, to the date of the compliance with said order, in that she had deliberately and willfully, and without cause or excuse, neglected and refused to pay said sum or any part thereof to said chamberlain. It was further adjudged by said order that the misconduct of plaintiff was calculated to, and did actually, defeat, impair, impede and prejudice the rights and remedies of the appellant, Edward B. Hosier, to his actual loss or injury in the sum of $1,907.86, together with interest on said sum since July 24, 1914, which, to the date of the order, amounted to $751.69, making a total sum of $2,659.55, besides $10 motion costs. Wherefore, the plaintiff for said misconduct was fined by the order the sum of $1,907.86, with interest at six per cent from July 24, 1914, to the date of payment of the fine, the said sum to be paid to the appellant, Edward B. Hosier, together with $10 motion costs. It was further directed that the plaintiff be committed by the sheriff of the county of New York to the county jail in said county, to be detained until she should pay the aforesaid sums or until she should be discharged according to law.

Thereafter the plaintiff, through her attorney, moved for the resettlement of the order in question upon the ground that the original order, for the failure to comply with which she

had been punished, provided for the deposit of the money in the hands of the city chamberlain. Upon this motion for resettlement, plaintiff's attorney, for the first time, raised the question that the amount of dower from April 17, 1911, to the date when title vested was the sum of $1,209.95 and that that was all that the appellant was entitled to receive in any event. This was not the ground of opposition to the original motion to punish for contempt, which was based upon plaintiff's contention that she should not be fined for contempt or required to repay the amount in question, because she had used $1,000 of the dower belonging to Hosier to pay a judgment recovered against her in the action of *Dolan* v. *Conlon* on February 15, 1905, and had used the further sum of $901.35, with interest, less the chamberlain's commission, to pay one of her attorneys in the action of *Harding* v. *Conlon.* Upon the original motion she had not disputed the fact that the moneys in question represented a part of the dower interest in the property. There is no question but that the plaintiff was in contempt and was duly so adjudged. In fact, the plaintiff has sought and has been granted leave, contemporaneously with the decision in this appeal, to withdraw her appeal from the original order adjudging her guilty of contempt. There is no appeal now before us taken by her from the order under consideration. Therefore, we have the situation that the plaintiff has properly been found in contempt of court and that the result of her contempt has been to defeat, impair, impede and prejudice the rights and remedies of the appellant Hosier who, under his assignment, was entitled to the moneys in question, which were improperly withdrawn by plaintiff. The adjudication in the resettled order that the misconduct of plaintiff impeded and prejudiced the rights and remedies of the person or persons entitled to receive the sum so directed to be paid by plaintiff, is based upon the theory that out of the $1,907.86 only $1,382.80, in fact, belonged to the appellant, and that latter sum the attorney for the appellant expressed his willingness in open court to have paid to plaintiff, but insisted that the balance should be deposited to the credit of the action in order that the rights of the parties thereto might be determined.

I do not believe that the plaintiff has any right to raise

that question now. Her excuse for non-compliance with the order of the court was ineffective. Her present claim that the total amount withdrawn does not in fact represent entirely moneys due for dower, to which Hosier was entitled under his assignment from her, cannot now be urged in view of the fact that she herself obtained the order of the court, whereby she was authorized to withdraw from the office of the city chamberlain of the city of New York this sum of $1,907.86, which order, dated July 23, 1914, recited that " the whole of said amount being the accumulation of the dower interests of Eva K. Conlon, the plaintiff above named, in the premises No. 121 Worth Street, City of New York, from and including the 17th day of November, 1911, to date," and it was pursuant to that recital and finding that the payments by the chamberlain, aggregating the amount in question, were made, and plaintiff having reaped the benefit thereof cannot now be heard to claim that the recital was incorrect, and that in fact only a part thereof represented such accumulated dower interest.

The order appealed from, in so far as it resettled the original order of February 18, 1921, will be reversed, with ten dollars costs and disbursements to appellant, and the order of February 18, 1921, restored to its original terms and conditions.

This will necessitate a modification of the order made March 25, 1921, in *Matter of Conlon* (196 App. Div. 881), in so far as the 24th paragraph thereof is concerned, so as to provide that the sum of $1,907.86, with interest at six per cent per annum from July 24, 1914, to the date of the payment, together with $10 motion costs, instead of being paid to the chamberlain of the city of New York as therein directed, shall be paid to the appellant, Edward B. Hosier.

Compliance with the terms of this order will, of course, constitute compliance as well with the direction contained in the original order of Mr. Justice MULLAN and will protect the plaintiff from any further payment thereunder, constituting satisfaction both of that order and of the order adjudging her in contempt.

CLARKE, P. J., SMITH, PAGE and GREENBAUM, JJ., concur.

Order appealed from, in so far as it resettled order of February 18, 1921, reversed, with ten dollars costs and disbursements to appellant, and said order of February 18, 1921, restored to its original terms and conditions. Order of March 25, 1921, modified as directed in opinion. Stay contained in order to show cause of April 7, 1921, to be vacated on settlement of order. Settle order on notice.